## COUNTY OF HANCOCK *vs.* EASTERN RIVER LOCK & SLUICE COMPANY.

No action can be maintained for the penalty for neglecting after due notice to make and keep open a sufficient and convenient passage way through a dam across a river or stream for the free passage of fish, under the provisions of the *stat.* 1835, *c.* 194, for the preservation of the salmon, shad and alewive fisheries in *Penobscot* Bay and River, and their tributary waters, unless due notice be given by the fish warden of " the time in which the same shall be done."

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

The kind of action and the facts in relation to the point on which the decision was founded, appear in the opinion of the Court. The notices are thus stated in the exceptions. " The evidence of *James Stubbs,* that on the 17th of *May,* 1836, he gave notice to *Joseph R. Folsom,* who said he was agent of the company, that there was no sufficient fish way by or through the dam, and that the company must make one, that he said he would make one, that the witness told him what kind of one was wanted, and he said he would not make such an one." This evidence was objected to, as there was no evidence, that he was one of the corporators, or an officer of theirs. The exceptions do not show, that there was any ruling of the Court on this objection. The plaintiffs then proved, that the following written notice was delivered to the Clerk of the company by *Stubbs,* a fish warden. " *Mr. Bliss Blodget,* Clerk of the Lock and Sluice Company in *Orland.* On the 17th of *May,* instant, I examined the mills and dam at the lower falls on *Eastern River,* obstructed by said dam, and I then notified *Mr. Folsom,* the agent of said corporation, to make a fish way by taking away about fifteen feet of the eastern end of said dam to the bed of the stream. I find that this is not done, and that no fish way is made where fish can pass up, and I now notify you, as Clerk of the company, that a fish way through said dam must be made immediately. *Bucksport, May* 30, 1836. *James Stubbs,* Fish Warden, &c."

The counsel for the defendants objected, that this notice was not sufficient, within the meaning of the statutes, but the Judge overruled the objection.

There were other objections made, but they are immaterial here, as no decision was made upon them.

*Abbott* and *Wakefield*, for the defendants, contended, that the notice was wholly insufficient, because no time was fixed in which it should be done, as the statute expressly requires ; and because it did not direct them in what way it should be done. Merely telling what he had directed others to do is not sufficient. The penalty cannot be recovered, unless all the requisites of the statute have been complied with. *Ex parte Baring,* 8 *Greenl.* 137.

*F. H. Allen,* for the plaintiffs, contended, that the notice to commence immediately was a sufficient compliance with the requirement of the statute as to time, and the reference to the first notice was sufficient as to the manner. But the dam was a nuisance, and no time was necessary to be fixed for its removal.

The opinion of the Court was drawn up by

SHEPLEY J. — The action is debt, to recover penalties of the defendants, for neglecting after due notice to make and keep open a sufficient and convenient passage way through their dam across the *Eastern River,* for the free passage of fish. The act of the 24th of *March,* 1835, provides, that if in the opinion of the warden the passage shall not be sufficient, or if there be no passage, " said fish warden or wardens, shall forthwith give notice to the owner or occupant of such dam of such insufficiency ; and of what is required to make such passage or sluice way sufficient and convenient, or to make such new passage or sluice way ; and of the time in which the same shall be done, giving a reasonable time therefor." And it provides, in case of neglect, that the fish warden may make it, and recover the expense of the owner or occupant. By an additional act of *March* 30, 1836, a daily penalty is imposed of not less than five, nor more than thirty dollars for neglecting or refusing to open and maintain such passage way, " after being duly notified by any one or more of the county fish wardens." The act of 1836 does not prescribe any notice, and there can be no doubt, that the notice alluded to was that prescribed by the act of 1835. Before a penalty can be recovered there must be a strict compliance with all the duties enjoined upon them

by those claiming it. Neither in the notice given to the agent of the defendants, nor in the written notice to the clerk, is there any "time in which the same shall be done" stated; and yet this is expressly required by the statute. In the second notice what was required to be done was made known only by way of recital of what he had in the former notice directed. Whether a penalty could be recovered when the only evidence of what was required of the party was to be derived by inference from a recital, that it had before been required, might deserve consideration. But it is not necessary to decide upon such defect, for the one first noticed is clearly sufficient to prevent a recovery of the penalty.

It is contended, that the obstruction was illegal, and that notice might therefore be dispensed with. But to recover the penalties provided by the statutes, the conditions must be performed upon which only the statutes give them.

*Exceptions sustained.*